JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

========================================================================

**CASE NO.:** CV 15-05413 SJO (Ex)   **DATE:** August 4, 2015

**TITLE:** John M. Gerro v. Mario Solis et al.

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                    Not Present
Courtroom Clerk                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**   **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                          Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR LOS ANGELES COUNTY**

This matter is before the Court on its own motion. On May 19, 2015, Plaintiff John M. Gerro ("Plaintiff") initiated this unlawful detainer action in the Superior Court of the State of California, County of Los Angeles. (*See generally* Notice of Removal ("Notice"), Ex. A ("Compl."), ECF No. 1.) Plaintiff alleges that Defendants Mario and Laura Solis ("Defendants") are unlawfully present on Plaintiff's property after Defendants received a 3-day notice to pay rent or quit on May 7, 2015. On July 16, 2015, Defendants removed the action to this Court. (*See generally* Notice.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted). Under the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). Defendants argue that the Court has federal question jurisdiction because Defendants' Answer depends on a determination of federal law. (Notice ¶¶ 6-10.)

Federal question jurisdiction exists when a plaintiff asserts a claim or right "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted). A defendant may not remove a case to federal court on the basis of a federal counterclaim or a federal defense to a state law claim. *See, e.g.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:   CV 15-05413 SJO (Ex)            DATE:   August 4, 2015

*Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 393 (9th Cir. 2002). Because the well-pleaded complaint rule makes a plaintiff the "master of the claim," he may avoid federal jurisdiction by pleading exclusively state law claims. *Williams*, 482 U.S. at 392; *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Here, Plaintiff's Complaint asserts only one state-law cause of action for unlawful detainer and cites no federal law. (*See generally* Compl.) Defendants' Answer alleges that Plaintiff is arbitrarily discriminating against Defendants in violation of the Constitution or the laws of the United States or California. (Answer ¶ 3(f).)  At best, Defendants could use this as a defense to Plaintiff's claim, but federal defenses do not convert a state-law claim into a federal one. *Williams*, 482 U.S. at 392.

Defendants have failed to meet the burden of demonstrating that a federal question has been raised. Accordingly, the Court **REMANDS** this action to the Superior Court of California for Los Angeles County.  This action shall close.

IT IS SO ORDERED.